IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

WILLIAM CLYDE CONLEY, # 145-913      *

Petitioner                                                      *

v.                                                                  *        Civil No. WDQ-11-3002

STATE OF MARYLAND                              *

Respondent                                                  *
                                                                   ***

MEMORANDUM

William Clyde Conley petitions for federal habeas corpus relief pursuant to 28 U.S.C. § 2254, challenging his convictions from 1978 in the Circuit Court for Anne Arundel County for murder and kidnapping. Respondent, through counsel, has filed a response requesting dismissal of the Petition because it is successive and lacks the requisite pre-filing authorization. Petitioner has filed a reply. The Court deems a hearing unnecessary to resolve the issues. *See* Rule 8 "Rules Governing 2254 Cases in the United States District Courts." For the reasons that follow, the motion will be dismissed without prejudice.

The instant motion represents Petitioner's second § 2254 petition challenging his 1978 felony murder and kidnapping convictions. *See Conley v. State of Maryland*, Civil Action No. S-87-1712 (D. Md); aff'd *Conley v. Warden, Maryland Penitentiary*, 912 F.2d 463 (4th Cir. 1990), *cert. denied* 498 U.S. 1037 (1991). Resp. Exhibits 1 and 2. A prisoner may file a second habeas corpus petition only if he has moved the appropriate circuit court for an order authorizing the district court to consider his application, and the circuit court has issued such an order. *See* 28 U.S.C. §2244(b)(3)(A). Petitioner provides no evidence that he has obtained authorization for a second or successive petition, and this motion must be dismissed for lack of jurisdiction. *See Evans v. Smith*, 220 F.3d 306, 325 (4th Cir. 2000). The Court will direct the Clerk to send

Petitioner an information packet on filing in the United States Court of Appeals for the Fourth Circuit to obtain authorization to file a second § 2254 motion in federal district court.

The Court declines to issue a Certificate of Appealability. Where, as here, a district court dismisses a habeas petition solely on procedural grounds, a certificate of appealability will not issue unless a petitioner can demonstrate both "(1) 'that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right' and (2) 'that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.' " *Rose v. Lee*, 252 F.3d 676, 684 (4th Cir. 2001) (quoting *Slack*, 529 U.S. at 484). The Petition does not satisfy this standard. An Order consistent with this Memorandum follows.

1/6/12
Date

William D. Quarles, Jr.
United States District Judge